UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 4:19-CR-361-1 |
| | ) | |
| | ) | (BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JABIN GODSPOWER OKPAKO, | ) | |
| Defendant | ) | |

<u>MEMORANDUM OPINION FOR BAIL DECISION</u>
*Defendant Jabin Godspower Okpako's Motion for Bail (Doc. 37)*

I.   INTRODUCTION

Before the Court is Mr. Okapko's Motion for Reconsideration of Detention Order (Doc. 37). I issued an Original Order of Detention (Doc. 17) on December 17, 2019. The parties have filed their Briefs (Docs. 40, 41), and this Motion is ready for disposition. For the reasons below, the request for release from detention will be denied.

II.   REVIEW OF PREVIOUS BAIL DECISION

On December 12, 2019, two individuals, including Mr. Okpako, were indicted on charges of Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Conspiracy to Launder Monetary Instruments, Engaging in Monetary Transactions Derived From Unlawful Activity, and False Statements. Mr. Okpako had his Initial Appearance and Arraignment on December 17, 2019. (Doc. 9). At that time, I concluded that Mr. Okpako should remained detained pending his trial. I reasoned

that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. I noted that Mr. Okpako is subject to a lengthy term of incarceration if convicted of the charged offenses and has a lack of financially responsible sureties. I also noted his significant ties outside of the United States but lack of significant community or family ties to this district.

III.  STANDARD OF REVIEW

The Court has continuing jurisdiction to review its own bail decisions.

18 U.S.C. § 3142(b) provides:

> The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

18 U.S.C. § 3142(b).

The Court will consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person (physical and mental condition, family ties, employment, financial resources, community ties, past conduct, etc.); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

IV.  DISCUSSION

After review of the parties' Briefs (Docs. 40, 41), my conclusion that Mr. Okpako should remain detained is unchanged. Mr. Okpako was allegedly involved in an extensive money laundering network. If convicted, Mr. Okpako faces a substantial term of imprisonment. Most of the charges against Mr. Okpako carry a maximum term of imprisonment of twenty (20) years. Based on these charges, Mr. Okpako has a strong motivation to flee.

Mr. Okpako has minimal ties to the Middle District of Pennsylvania other than his new wife, Christine Bradley Okpako, who is also his co-defendant. Mr. Okpako is a Nigerian national with residency in the United States based on his marriage to Christine Bradley Okpako. Mr. Okpako came to the United States just over two (2) years ago. Mr. Okpako has direct foreign ties to both Nigeria and Ghana – countries where he allegedly transferred substantial amounts of money as a part of the alleged scheme.

Mr. Okpako's alleged involvement in the extensive money laundering network included handling a volume of funds exceeding $1.8 million. Further, the Government provides a photograph that appears to be Mr. Okpako, Christine Bradley Okpako, and a considerable amount of one hundred (100) dollar bills. (Doc. 41-1). A review of the photograph appears to show at least seventy-five (75) one

hundred dollar bills – $7,500. *Id.* Mr. Okpako's possible access to considerable sums of money also demonstrate a risk of flight.

Based on the foregoing, I conclude that Mr. Okpako remains a flight risk.

V. CONCLUSION

For the reasons set forth above, I conclude that Mr. Okpako is a flight risk and that pre-trial release is not appropriate at this time. Mr. Okpako's Motion for Reconsideration of Detention Order (Doc. 37) will be denied. An appropriate order follows.

Dated: June 16, 2020                               BY THE COURT

                                                   *s/William Arbuckle*
                                                   William Arbuckle
                                                   U.S. Magistrate Judge